GREGORY A. MEREDITH, SBN 119373
8801 Folsom Boulevard, Suite 260
Sacramento, CA 95826
Telephone: (916) 642-1225
Facsimile: (916) 381-0611
Email: GMeredith@MartinBrothers.net

D. MICHAEL SCHOENFELD, SBN 102332
MURPHY AUSTIN ADAMS SCHOENFELD LLP
555 Capitol Mall, Suite 850
Sacramento, CA 95814
Telephone: (916) 446-2300
Facsimile: (916) 503-4000
Email: mschoenfeld@murphyaustin.com

Attorneys for Defendant and Counter Claimant
MARTIN BROTHERS CONSTRUCTION, INC. and
Defendant FIDELITY & DEPOSIT COMPANY OF
MARYLAND

MURPHY AUSTIN ADAMS SCHOENFELD LLP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, For the Use and Benefit of:<br><br>CTE CAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN BROTHERS CONSTRUCTION, INC., a California corporation; ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:20-cv-01486-TLN-SCR<br><br>**JOINT STIPULATION AND ORDER WITH PRETRIAL DATES** |
| AND RELATED CROSS ACTIONS. | |

To the Honorable Chief District Court Judge Troy L. Nunley:

This Joint Stipulation and Proposed Order with Pretrial Dates is submitted by counsel for

the Parties pursuant to the Court's October 30, 2026 Minute Order.

Counsel have met and conferred and now provide the following summary background and details substantiating the stipulation provided below.

**BACKGROUND**

The Parties disagree on various facts and circumstances associated with the litigation, and therefore, the following factual recitation is for general informational purposes only.

This action was initiated by Plaintiff CTE Cal, Inc. ("CTE") against Defendants Martin Brothers Construction, Inc. ("MBC") and its Miller Act payment bond surety Fidelity and Deposit Company of Maryland ("F&D") as part of a contractual dispute arising from a Levee construction project that MBC performed for the Army Corps of Engineers ("Corps"). CTE provided testing services for MBC on a single Levee project and contends that it was not paid in full. In response, MBC's counterclaim seeks damages arising from CTE's conduct on three projects performed between 2017 and 2020, including the Levee project. MBC contends that CTE's work on the three projects was untimely and deficient, resulting in damages. Each Party denies the claims of the other.

The Levee contract at issue between the Parties was/were entered into in 2018. CTE provided a written proposal to MBC in August 2018 to provide services on the Levee contract which MBC was awarded by the Corps to perform. In response, MBC issued a purchase order ("PO") contract to CTE in September 2018 in which CTE contends incorporated its terms and conditions and signed. Thereafter, CTE provided Levee project services to MBC commencing in September 2018. Thereafter, on November 20, 2018, MBC signed and returned CTE's proposal.

The PO issued by MBE and signed by CTE includes a dispute resolution provision calling for mediation and if unsuccessful to resolve the matters through binding arbitration using the services of the American Arbitration Association ("AAA"). The CTE proposal signed and returned by MBC contains, *inter alia*, a contractual limitation of liability provision and does not contain a binding arbitration clause.

Because there were a series of unliquidated claims by MBC against the Corps arising from the Levee and other projects, which concerned issues that affected the pending complaint and counterclaim, this matter was stipulated to be stayed pending the determination on the merits by





MURPHY AUSTIN ADAMS SCHOENFELD LLP

the Armed Services Board of Contract Appeals. Periodic status reports were provided to this Court as to the other proceeding. A decision on the merits was received in the third quarter of 2026. The Parties provided notice to the Court and have been directed to provide this Joint Stipulation and Proposed Order with Pretrial Dates. The following content is responsive to the Court's Minute Order.

**JOINT STIPULATION AND PROPOSED PRETRIAL DATES**

Because the issues in this matter are finite, the Parties wish to have this matter mediated prior to engaging in the pretrial discovery necessary to have this matter ready for trial. To that end the Parties stipulate to the following:

1. That this matter shall be mediated by the Parties, no later than April 30, 2027, before Bruce Edwards of Signature Resolution, a recognized construction and insurance focused mediator;
2. During the period of time through the mediation date, counsel shall conduct limited discovery concerning the exchange of relevant project-related documents and damage claims and defenses so as to promote the success of the mediation process. The Parties do not agree as to whether limited fact witness depositions shall be allowed to occur to assist the Parties and counsel for mediation purposes;
3. Should the mediation process not be successful in resolving all of the pending claims, MBC reserves the right to file a motion to have this matter, based on the underlying contract terms, sent to binding arbitration in accordance with the contact terms. CTE does not agree (i) to stipulate to arbitration or (ii) that the MBC PO is the controlling contract. CTE reserves the right to file a Rule 56 motion for summary judgment on the contract dispute;
4. The Parties request that the Court schedule the hearing on the motion to compel arbitration and a Rule 56 motion for summary judgment, if needed, for a date in the latter half of July or early August 2027, with the moving papers to be filed on or before June 4, 2027, the opposition and reply shall be pursuant to Local Rule 230.

/ / /



MURPHY AUSTIN ADAMS SCHOENFELD LLP

5. If the motion to compel arbitration be granted, the Parties shall expeditiously schedule the binding arbitration before a single AAA arbitrator with F&D not required to be a party. The Court shall retain jurisdiction to address the award issued by the arbitration process;

6. If the Court does not grant the motion to compel arbitration, that the discovery cut off be established as of February 2028, including all expert disclosures and discovery, and that this matter be scheduled for trial by this Court in April 2028; and

7. That the Court establish a Pretrial Hearing at a time following the closure of discovery which is compatible with the Court's calendar.

Dated: November 12, 2026

MURPHY AUSTIN ADAMS SCHOENFELD LLP

By:/s/ D. Michael Schoenfeld
D. MICHAEL SCHOENFELD
Attorneys for Defendant/Counter Claimant MARTIN BROTHERS CONSTRUCTION, INC. and Defendant FIDELITY & DEPOSIT COMPANY OF MARYLAND

Dated: November 12, 2026

SCHWERDTFEGER LAW GROUP

By:/s/ Sean Schwerdtfeger
SEAN SCHWERDTFEGER,
Attorneys for Plaintiff / Counter-Defendant CTE CAL, INC. and Counter Defendant RODNEY BALLARD

**ORDER**

It is hereby Ordered as follows:

1. That this matter shall be mediated by the Parties, no later than April 30, 2027, before Bruce Edwards of Signature Resolution, a recognized construction and insurance focused mediator;

2. During the period of time through the mediation date, counsel shall conduct limited discovery concerning the exchange of relevant project-related documents and



MURPHY AUSTIN ADAMS SCHOENFELD LLP

damage claims and defenses so as to promote the success of the mediation process. To the extent that there is a request for one or more fact witness depositions prior to mediation, counsel shall meet and confer to address the request(s);

3. Should the mediation process not be successful in resolving all of the pending claims, the Court recognizes that (a) MBC reserves the right to file a motion to have this matter, based on the underlying contract terms, sent to binding arbitration in accordance with the contact terms; and (b) CTE does not agree to (i) stipulate to arbitration; or (ii) that the MBC PO is the controlling contract. CTE reserves the right to file a Rule 56 motion for summary judgment on the contract dispute

4. The Court schedules the hearing on the motion to compel arbitration and a Rule 56 motion for summary judgment, if needed, to occur at 2:00 p.m. on July 15, 2027, with the moving papers to be filed on or before June 4, 2027, the opposition and reply shall be pursuant to Local Rule 230.

5. If the motion to compel arbitration be granted, the Parties shall expeditiously schedule the binding arbitration before a single AAA arbitrator with F&D not required to be a party. The Court will retain jurisdiction to address the award issued by the arbitration process;

6. **If the Court does not grant the motion to compel arbitration, the parties shall file a Joint Status Report within thirty (30) days of the Court's ruling with proposed dates moving forward.**

DATED: November 16, 2026

Troy L. Nunley
Chief United States District Judge

MURPHY AUSTIN ADAMS SCHOENFELD LLP